UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KRISTINA M. KARKANEN, ET AL.,**<br>Plaintiffs,<br>vs.<br>**STATE OF CALIFORNIA, ET AL.,**<br>Defendants. | CASE NO. 17-cv-06967-YGR<br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; GRANTING MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING; DENYING MOTION FOR LEGAL COUNSEL; DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br>Re: Dkt. Nos. 2, 3, 4, 9 |

The Court has received plaintiff's First Amended Complaint (Dkt. No. 9 ("FAC")), along with her Application to Proceed *In Forma Pauperis*, Motion for Permission for Electronic Case Filing (ECF), and Motion for Legal Counsel (Dkt. Nos. 2, 3, 4).

The Court may authorize that a plaintiff can proceed in a federal court action *in forma pauperis* ("IFP"), meaning without prepayment of fees or security, if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security. 28 U.S.C. § 1915(a). The Court's grant of plaintiff's application to proceed IFP does not mean that the Court must permit plaintiff to prosecute the claim under all circumstances. A court is under a continuing duty to dismiss a case filed without payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). If the Court dismisses a case pursuant to section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because a court's section 1915(e)(2)(B) dismissal is not on the merits, but an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. section 1915(e)(2)(B), courts assess whether

the plaintiff states an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations implausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Federal courts are courts of limited jurisdiction and have no power to consider claims for which they lack subject-matter jurisdiction. *See Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992). While California superior courts are courts of general, unlimited jurisdiction and can render enforceable judgments in practically any type of case, federal courts can only adjudicate cases that the Constitution or Congress authorizes them to adjudicate. Cases where the federal court has jurisdiction are those where there is a diversity of citizenship (where the parties are from different states), a federal question (arising under the Constitution, laws, or treaties of the United States), or in which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insur. Co. of Am.*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing jurisdiction rests upon the party asserting it. *Id.* at 377. If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3). Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an action that fails to state a claim upon which relief may be granted.

In reviewing the FAC here, the Court is unable to discern a legally cognizable basis for a claim over which the Court would have jurisdiction. Plaintiff's FAC alleges, on behalf of herself and other "female plaintiffs," violations of Titles II and III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, section 504 of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and the Constitution of the State of California, against a host of state and local actors and individuals based on her apparent dissatisfaction with the way in which certain custody

proceedings were executed. (FAC at ECF 20–29, 33–42.)[1] Among the various conclusory allegations made in the FAC are that: (1) "Defendants removed Kristina M. Karkanen's child J.K. from her custody and effectively terminated her parental rights based on regarding her as having 'mental illness' and the sex-based stereotype of that 'mental impairment.'"; (2) "Defendants have intentionally discriminated against Ms. Karkanen for having a 'mental illness' that would cause her daughter harm."; (3) "Defendants unjustifiably limited Plaintiffs in the enjoyment of the rights, privileges, advantages, or opportunities enjoyed by Kristina M. Karkanen's former husband."; (4) "Defendants effectively terminated Ms. Kristina M. Karkanen's parental rights based on disability and sex."; and (5) "The State of California, et al, have a policy and *modus operandi* of discriminating against mothers, particularly <u>single</u> mothers and victims of domestic violence, in order to receive federal grants . . . ." (*Id*. at ECF 23–24, 26) (emphases in original).

Plaintiff Karkanen fails to connect her complaints regarding the custody proceedings to any legal right of action against each of the named defendants. Karkanen's FAC further fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Moreover, Karkanen resorts to improper group pleading. *See Sebastian Brown Prods. LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015) ("[A] complaint which lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).") (internal quotation marks omitted) (alterations in original). Accordingly, Karkanen's complaint is dismissed for failure to state cognizable claims.

"[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted). Therefore, the Court will permit Karkanen an opportunity to amend her FAC to state a claim.

The Court also notes that Karkanen identifies her child as a plaintiff. Karkanen cannot represent her child as she is not an attorney nor has she been appointed guardian *ad litem*.

---

[1] Because of the duplication in plaintiff's paragraph and page numbering beginning on ECF 32, this Order cites to ECF page numbers for clarity.

3

Accordingly, the Court **ORDERS** as follows:

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED**.

(2) Plaintiff's Motion for Permission for Electronic Case Filing (ECF) is **GRANTED**. Plaintiff is cautioned that utilization of the e-filing system means that she will be presumed to receive all Court filings and other notifications when they are transmitted electronically, and the Court will not excuse any failure to abide by all Court rules and deadlines due to any lack of notice because such notice was provided in electronic form only. Any such failure will result in revocation of plaintiff's e-filing permission.[2]

(3) Plaintiff's Motion for Legal Counsel and Representation is **DENIED**. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) ("There is normally . . . no constitutional right to counsel in a civil case."). The Court may reconsider on its own motion and request appointment of counsel later in the proceedings.

(4) Plaintiff's FAC is **DISMISSED WITH LEAVE TO AMEND**.

(5) If plaintiff wishes to pursue this action, plaintiff must file an amended complaint no later than **March 5, 2018**.

(6) If plaintiff fails to amend, the case will be dismissed under Rule 41(b) for failure to prosecute. *Toyota Landscape Co., Inc. v. Building Material & Dump Truck Drivers Local 420*, 726 F.2d 525, 528 (9th Cir. 1984).

The Court advises plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov/pro-se.

---

[2] Plaintiff is hereby **ORDERED** to register to use this system immediately to avoid missing any important filings or other notifications in this action. The procedure for registering for e-filing is detailed on the Court's website. Plaintiff is directed to the tab on top of the Court's home page labeled "Pro Se Litigants" and from there to the "How to Register for E-Filing with this Court" link on the right hand side of the next screen. Next, plaintiff is directed to follow the instructions for "ECF" registration, including registering for "PACER" before or immediately after registering for "ECF." At the end of the registration, as a pro se e-filing applicant, plaintiff is required to submit an electronic copy of the Pro Se ECF Registration application to ECFREG@cand.uscourts.gov. If this application is complete, plaintiff will receive notification from the automation department with an e-filing password within approximately three days of receipt of the application via email.

The Court also advises plaintiff that additional assistance may be available by making an appointment with the Legal Help Center. There is no fee for this service. To make an appointment with the Legal Help Center in San Francisco, plaintiff may visit the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102, or call 415/782-9000 (ext. 8657). To make an appointment with the Legal Help Center in Oakland, plaintiff may visit the Oakland Courthouse, located at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California, 94612, or call 415/782-8982. The Help Center's website is available at http://www.cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

This Order terminates Docket Numbers 2, 3, & 4.

Dated: February 6, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**